IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                               CRIMINAL ACTION NO. 1:17-cv-00506

ISABEL FITZGERALD, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Isabel Fitzgerald's ("Fitzgerald") Motion for Discovery of Jury Selection Procedures.[1] (ECF No. 195.) For the reasons that follow, Fitzgerald's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.   BACKGROUND

The grand jury returned an indictment against all four Defendants in this matter on September 27, 2017. (ECF No. 1.) Thereafter, the grand jury returned the Superseding Indictment against all four defendants in this matter on December 27, 2018. (ECF No. 75.)

On March 14, 2020, Chief Judge James Bredar issued the Second Amended Standing Order 2020-03 which postponed and continued all civil and criminal petit jury selections and jury trials, pending further orders of the Court, in response to the growing spread of COVID-19. Standing Order 2020-03, *re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Misc. No. 00-308 (D. Md. Mar. 14, 2020). This general order postponing and suspending in-person proceedings in the District of Maryland was extended through various orders of the Court.[2] Then,

---

[1] Also pending before the Court is Defendant Steven Maudlin's ("Maudlin") Motion to Adopt Ms. Fitzgerald's Motion for Discovery of Jury Selection Procedures, (ECF No. 196), and Maudlin's Motion to Adopt Ms. Fitzgerald's Reply Brief in Support of her Motion for Discovery of Jury Selection Procedures, (ECF No. 200). Maudlin's motions assert that the issues raised in Fitzgerald's motion "apply to all defendants in this case equally." (ECF No. 195 at 1.) Finding it appropriate, the Court hereby **GRANTS** the Motions to Adopt, subject to the Court's rulings as detailed in this order.

[2] The Court began resuming some in-person proceedings beginning on and continuing after June 17, 2020. *See* Order,

on February 17, 2021, Chief Judge Bredar issued a standing order allowing the resumption of "some jury trials, with appropriate safety precautions." Standing Order 2021-04, *re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Misc. No. 00-308 (D. Md. Feb. 17, 2021). This matter is set for trial on April 20, 2021. (ECF No. 188.)

On February 24, 2021, Fitzgerald filed the instant motion. (ECF No. 195.) Fitzgerald asserts that she has "an unqualified statutory right to documents reflecting and related to the procedures by which her jury will be selected." (*Id.* at 2.) She requests discovery of these documents "to determine whether any jury service opt-out mechanism and/or excuse policy in place during the COVID-19 pandemic will impermissibly skew the jury pool such that it no longer represents a fair cross-section of the community[.]" (*Id.*) The Government responded in opposition to her motion on March 11, 2021. (ECF No. 198.) Fitzgerald timely filed a reply on March 18, 2021. (ECF No. 199.) With the briefing complete, this motion is ripe for adjudication.

## II.   LEGAL STANDARD

The Fifth and Sixth Amendments to the United States Constitution guarantee a criminal defendant a trial by a jury selected from a fair cross-section of the community. *See, e.g.*, *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). The Jury Selection and Service Act of 1968 ("JSSA") sets forth as the nation's policy that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the

---

*re: COVID-19 Pandemic Procedures*, Misc. No. 20-146 (D. Md. June 17, 2020); Second Am. Standing Order 2020-03, *re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Misc. No. 00-308 (D. Md. Mar. 14, 2020). However, as the intensity and severity of the pandemic fluctuated, the Court issued several other orders that both proceeded and receded through the various phases of the Federal Judiciary COVID-19 Recovery Plan. *See Federal Judiciary Recovery Plan*, Misc. No. 00-308, ECF No. 127–1 (D. Md. Feb. 17, 2021). Without recounting this still on-going history, any references to "during the COVID-19 pandemic," in those or similar words, will mean the time period from June 17, 2020, to the present.

district or division wherein the court convenes." 28 U.S.C. § 1861. The JSSA also provides the following:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion to dismiss [the indictment on the ground of substantial failure to comply with jury selection procedures] . . . . The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

28 U.S.C. § 1867(f).

The Supreme Court of the United States has interpreted this section to provide litigants with "essentially an unqualified right to inspect jury lists." *Test v. United states*, 420 U.S. 28, 30 (1975). In *Test*, the Supreme Court reasoned that, "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *Id.* Therefore, the Court concluded that not only does the plain text of the statute grant an unqualified right to inspection of jury-selection procedures, but so too does "the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'" *Id.* (quoting 28 U.S.C. § 1861). Pursuant to *Test*, "[t]o avail himself of the right of access to jury selection records, a litigant need only allege that he is preparing a motion to challenge the jury selection process." *United States v. Royal,* 100 F.3d 1019, 1025 (1st Cir.1996) Yet, by its own terms, § 1867(f) limits discovery to only those records "used by the jury commission or clerk in connection with the jury selection process" and "necessary in the preparation or presentation of a motion" challenging compliance with the JSSA.

### III. DISCUSSION

Fitzgerald has set forth the following 13 requests for production by the Clerk of Court or, to the extent the requested documents are in the Government's possession, by the Government:

1) The Jury Plan for the District of Maryland currently in effect, if different from that available on the Court's website . . . and any documents reflecting changes that have been made in the selection of prospective jurors due to the COVID-19 pandemic;

2) The Juror Qualification Questionnaire distributed to those on the Prospective Juror List and any additional forms being distributed to those individuals, as contemplated by Section VII of the D. Md. Jury Selection Plan, during the COVID-19 pandemic;

3) The District of Maryland's three most recently submitted AO-12 forms;

4) Documents sufficient to show: Race, Religion, Sex, Gender, Ethnicity, Year of Birth, Zip Code, Income, and Occupation for those individuals eligible for jury service in each division;

5) Documents sufficient to show: Race, Religion, Sex, Gender, Ethnicity, Year of Birth, Zip Code, Income, and Occupation for those individuals on the Master Jury Wheel;

6) Documents sufficient to show: Race, Religion, Sex, Gender, Ethnicity, Year of Birth, Zip Code, Income, and Occupation for those individuals on the Prospective Juror List;

7) Documents sufficient to show: Race, Religion, Sex, Gender, Ethnicity, Year of Birth, Zip Code, Income, and Occupation for those individuals on the Qualified Jury Wheel;

8) Documents sufficient to show how many questionnaires were sent to prospective jurors that were not returned and what steps, if any, were taken to induce return;

9) Documents identifying excuses given by potential jurors and, separately, excuses accepted from potential jurors, as contemplated by Sections IX and XVI of the D. Md. Jury Selection Plan, during the COVID-19 pandemic;

10) Documents reflecting any policies or practices established by the Clerk's Office for excusing jurors during the COVID-19 pandemic;

11) Documents sufficient to show: Race, Religion, Sex, Gender, Ethnicity, Year of Birth, Zip Code, Income, and Occupation for those potential jurors who have been excused from or granted a deferral of their jury service based on the COVID-19 pandemic;

12) Documents sufficient to show: (a) Race, Religion, Sex, Gender, Ethnicity, Year of Birth, Zip Code, Income, and Occupation of all jurists empaneled in each division of the District during the COVID-19 pandemic; (b) the Race, Religion, Sex, Gender, Ethnicity, Year of Birth, Zip Code, Income, and Occupation of all jurists excused or deferred from participating in a jury trial after the jury was empaneled; and (c) the Race, Religion, Sex, Gender, Ethnicity, Year of Birth, Zip Code, Income, and Occupation of any jurists added after a jury was originally empaneled; and

13) Once criminal trials in this District resume on March 15, 2021, any additional documents, data, or information responsive to Request Nos. 1–12 for the period between March 1, 2021 and 14 days before voir dire in this matter.

(ECF No. 195 at 2–3.)

To begin, the District of Maryland is comprised of two divisions: The Southern Division is comprised of Calvert, Charles, Montgomery, Prince George's, and St. Mary's Counties, while the Northern Division includes the remaining counties, as well as the City of Baltimore. Regular sessions of Court for the Northern Division, where this matter is situated, are held in the City of Baltimore. Because the petit jury trial of this matter will occur in the Northern Division, only information regarding this division will be provided since information from the Southern Division could not assist in the preparation of a challenge regarding these indictments or potential jury pool. *See United States v. Blake*, Case No. 20-cr-00152-PAB, ECF No. 244 at 4 (D. Colo. Feb. 18, 2021).

Fitzgerald does not request any personal identifying information. (ECF No. 195 at 2, n.1.) Thus, the Clerk's Office, in responding to any request the Court grants, shall not provide any names, addresses, social security numbers, telephone numbers, day and month of birth, and any specific employer information, or any other information the Clerk's Office believes, under the circumstances,

may enable a reviewing party to identify a specific person. Moreover, because § 1867(f) only extends to those documents actually used in the jury selection process, the Clerk's Office will not be required to create documents not already in existence in response to the granting of any of these requests.

A. Request No. 1

This request is **DENIED AS MOOT**. The Jury Plan for the District of Maryland is already publicly available and posted to the Court's website. *See* Plan of the United States District Court for the District of Maryland for the Random Selection of Grand and Petit Jurors, U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND, https://www.mdd.uscourts.gov/sites/mdd/files/JuryPlan.pdf (the "Jury Selection Plan"). The Court also notes that the Government attached the Jury Plan as an exhibit to its response. (ECF No. 198–1.) Similarly, the Court's Standing Order 2020-19 provides a comprehensive explanation of the policies and practices the Court has adopted to the Jury Plan during the COVID-19 pandemic. Standing Order 2020-19, *re: Modification to Jury Summons Procedures in Response to COVID-19 Pandemic*, Misc. No. 00-308 (D. Md. Oct. 22, 2020). This order is similarly available on the Court's website, and it includes both a sample Petit Juror Summons Packet and a Grand Juror Summons Packet.[3] *Id.* Because this information is already publicly available, Fitzgerald's request is moot.

B. Request No. 2

Similarly, Request Number 2 is **DENIED AS MOOT**. As indicated above, the information requested here is already publicly available and posted on the Court's website. Standing Order 2020-19, *re: Modification to Jury Summons Procedures in Response to COVID-19 Pandemic*, Misc. No.

---

[3] The Court notes that all indictments in this case were returned prior to the onset of the pandemic and therefore information regarding the grand jurors would be irrelevant.

00-308 (D. Md. Oct. 22, 2020). Moreover, the Court notes that the Government has already produced these documents, as they are attached as an exhibit to its response. (ECF No. 198–2.)

C. Request No. 3

This request is **GRANTED**. The Clerk's Office has advised that the AO-12 form, the "Report on Operation of the Jury Selection Plan," is outdated and no longer required to be submitted to the Administrative Office of the U.S. Courts. (*See* ECF No. 198 at 19.) To the extent that the Clerk's Office retains the three most-recently submitted forms, Fitzgerald's request is **GRANTED**.

D. Request No. 4

This request is **DENIED**. The Court is unclear what Fitzgerald means by "eligible for jury service." In this district, the Master Jury Wheels are selected at random from the voter registration lists of the political subdivisions making up each division. *See* Jury Selection Plan at § V. Thus, all registered voters in the state of Maryland are eligible for jury service.[4] *See also United States v. Lewis*, 10 F.3d 1086, 1090 (4th Cir. 1993) ("Furthermore, Congress has proclaimed that voter registration lists are the preferred source of names for prospective jurors." (citing JSSA, 28 U.S.C. § 1863(b)(2))). Compiling the information of every single registered voter in the State of Maryland, as appears to be what Fitzgerald is requesting, is an extraordinarily monumental task that would fall solely to this Court and the Clerk of Court. *See, e.g.*, *United States v. Luna–Santillanes*, No. 11–20492, 2012 WL 3464764, at *5 (E.D.Mich. Aug.14, 2012) (holding requests for discovery to be "infeasible" and "extraordinarily burdensome" that would fall entirely to the court and its jury department could be denied on that basis alone).[5] Furthermore, and as will be further explained

---

[4] The Court notes that the voter registration lists for Maryland are maintained by the State Board of Elections, where they may be accessed for a fee. THE STATE BOARD OF ELECTIONS, https://elections.maryland.gov/index.html (last visited March 29, 2021).

[5] Furthermore, a quick survey of information provided by the State Election Board shows a total of 2,470,006 registered

below, Fitzgerald has not shown why this request is necessary in preparation of a motion challenging the Jury Selection Plan pursuant to the JSSA. Because she has not shown that this information is necessary in preparation of a motion pursuant to § 1867(f), Fitzgerald's request is **DENIED**.

E. Request No. 5

This request is **DENIED**. Request Number 5 seeks demographic information of those individuals on the Master Jury Wheel for this division. (ECF No. 195 at 2.) By way of background, the District of Maryland maintains a Master Jury Wheel for each division within the district. *See* Jury Selection Plan at § V. These Master Jury Wheels are filled by the random selection of individuals from the voter registration lists for that division. *Id.* The Master Jury Wheel, then, contains the list of individuals who may then be sent qualification forms. *Id.* The Qualified Jury Wheels are then filled by the random selection of individuals who have not been disqualified, or otherwise exempt or excused. *Id.* at § XII. From this Qualified Jury Wheel, the prospective jurors are randomly selected, and then are sent a COVID-19 questionnaire, along with the jury summons, pursuant to Standing Order 2020-19. [6] Standing Order 2020-19, *re: Modification to Jury Summons Procedures in Response to COVID-19 Pandemic*, Misc. No. 00-308 (D. Md. Oct. 22, 2020). Pursuant to this Standing Order, as well as Section XVI of the Jury Selection Plan, "the Clerk shall grant a deferral of service to any prospective juror who demonstrates that service would cause undue hardship or extreme inconvenience." *Id.* at 2.

---

voters in the Northern Division as of October 17, 2020. *Eligible Active Voters by County*, The State Board of Elections, https://elections.maryland.gov/press_room/2020_stats/Eligible%20Active%20Voters%20by%20County%20-%20PG20.pdf (last visited Mar. 30, 2021).

[6] The Court notes that in addition to this initial screening regarding COVID-19, the Clerk contacts prospective jurors who do not request a deferral to inquire as to their health status and potential COVID-19 exposure. Standing Order 2020-19, *re: Modification to Jury Summons Procedures in Response to COVID-19 Pandemic*, Misc. No. 00-308 (D. Md. Oct. 22, 2020). The jurors may then be asked a third time as to their COVID-19 status on the day their service commences. *Id.* at 3.

Critically, Fitzgerald has pinned this motion on the speculation that African-Americans, Hispanics, and older Americans are being excluded from the venire based on their responses to the COVID-19 questionnaires. (ECF No. 195 at 11–14.) In fact, the heading in her reply brief states this even more succinctly: "Standing Order 2020-19's COVID-19 opt-out provision may cause underrepresentation of distinctive groups of jurors." (ECF No. 199 at 3.) What is not raised, however, is any potential issue regarding the compilation of the Master Jury Wheel. And while litigants have a near-absolute right to inspect jury lists under *Test*, that right is not without limitations. *See, e.g., United States v. Savage*, Criminal Action Nos. 07–550–03, 07–550–04, 07–550–05, 07–550–06, 2013 WL 797417 at *3 (E.D. Pa. Mar. 5, 2013) ("[T]he right to inspection extends to all jury selection materials relevant to a complete determination of whether a grand or petit jury has in fact been selected at . . . random from a fair cross-section of the community. Therefore, we must limit Defendant's discovery to only those records he needs to substantiate his claim."); *United States v. Rice*, 489 F.Supp.2d 1312, 1316 (S.D. Ala. 2007) ("[I]f certain records or papers are not reasonably necessary for preparation of a motion under the Act, then the Act does not authorize access to those records or papers."). Instead, the only apparent issue raised is whether the COVID-19 opt-out, specifically, results in a skewed prospective juror list.

Again, the Court returns to the explicit language of § 1867(f): A litigant is entitled to the "contents of records or papers used by the jury commission or clerk in connection with the jury selection process" and "as may be necessary in the preparation or presentation of a motion" challenging compliance with the JSSA. Under this explicit wording, Fitzgerald has not shown that the information contained in the Master Jury Wheel is necessary in the preparation of a motion when the entire focus of her argument is on the COVID-19 questionnaire, issued after the Qualified Jury Wheel is formed. *See United States v. Rice*, 489 F.Supp.2d 1312, 1317 (S.D. Ala. 2007) ("Rice is

9

not entitled to a blanket order affording him unrestricted access to all materials remotely bearing on the jury selection process.")  Therefore, Fitzgerald's request is **DENIED**.

F. Request No. 6

This request is **GRANTED IN PART**.  Fitzgerald has requested documents showing demographic information of individuals on the Prospective Juror List.  As this list is directly affected by the COVID-19 questionnaire, and therefore bears relevance to Fitzgerald's potential claim, she is entitled under § 1867(f) to inspect this information.  However, and as explained above, Fitzgerald is only entitled to those records or papers in the Northern Division of the District of Maryland.

G. Request No. 7

This request is **GRANTED IN PART**.  Once the Qualified Jury Wheel is filled, these individuals are then sent a COVID-19 questionnaire.  *See* Standing Order 2020-19, *re: Modification to Jury Summons Procedures in Response to COVID-19 Pandemic*, Misc. No. 00-308 (D. Md. Oct. 22, 2020).  Beginning with the Qualified Jury Wheel, potential jurors are screened several times regarding COVID-19, including "additional in-person screening for symptoms of COVID-19 on the day a prospective juror's service commences."  *Id.* at 3.  The Qualified Jury Wheel is therefore directly relevant to Fitzgerald's potential challenge.  However, and as explained above, Fitzgerald is only entitled to those records or papers in the Northern Division of the District of Maryland.

H. Request No. 8

This request is **GRANTED**, but only to the extent that the Clerk's Office possesses documents or records responsive to this request.  The Clerk's Office has advised that it does not usually track this information.  (ECF No. 198 at 20.)  As explained previously, the Clerk's Office shall not create anything not already in existence.  *United States v. Miller*, 116 F.3d 641, 658 (2d Cir. 1997) (noting that the JSSA's discovery provisions "plainly give a defendant access only to records and papers

already in existence. We see nothing that entitles defendants to require the jury administrator to analyze data on their behalf."); *United States v. Todd*, 2020 WL 5981673, at *4 (E.D.N.Y. Oct. 8, 2008) (denying defendant's request "as it requests analysis by the Jury Administrator").

I.  *Request No. 9*

This request is **GRANTED**, but only to the extent that the Clerk's Office possesses documents or records responsive to this request. The Jury Selection Plan for the District allows the Clerk to "temporarily excuse" a juror upon a showing of undue hardship or extreme inconvenience, and the Clerk's Office has typically allowed one "free deferral" of service. *See* Jury Selection Plan at § XVI. (*See also* ECF No. 198 at 21.) Should the Clerk actually possess documents or records responsive to this request, they shall be produced. But, as explained previously, the Clerk's Office shall not create anything not already in existence. *Miller*, 116 F.3d at 658 (2d Cir. 1997); *Todd*, 2020 WL 5981673, at *4.

J.  *Request No. 10*

Request Number 10 is **DENIED AS MOOT**. Fitzgerald has requested "[d]ocuments reflecting any policies or practices established by the Clerk's Office" in response to the COVID-19 pandemic that allow for the excusal of jurors. This request is duplicative of Request Numbers 1 and 2, both of which are already publicly available and have been produced in this briefing.

K.  *Request No. 11*

This request is **GRANTED**. As explained previously, potential jurors answer a COVID-19 questionnaire, included with their jury summons, that allows for a deferment of service based on undue hardship or extreme inconvenience. *See* Standing Order 2020-19, *re: Modification to Jury Summons Procedures in Response to COVID-19 Pandemic*, Misc. No. 00-308 (D. Md. Oct. 22, 2020). Should the Clerk actually possess documents or records responsive to this request, they shall be

11

produced. But, again, the Clerk's Office shall not create anything not already in existence. *Miller*, 116 F.3d at 658 (2d Cir. 1997); *Todd*, 2020 WL 5981673, at *4.

L. Request No. 12

This request is **DENIED**. In this request, Fitzgerald seeks demographic information of "all jurists empaneled in each division of the District during the COVID-19 pandemic"; the demographic information of all "jurists" who were excused from or deferred service after the jury was empaneled; and demographic information of "any jurists added after a jury was originally empaneled." (ECF No. 195 at 3.) Again, the Court returns to the plain language of § 1867(f), which allows discovery of jury selection materials "as may be necessary in the preparation or presentation of a motion" challenging compliance with the JSSA. Fitzgerald's sweeping request would seek to uncover the demographic information of every individual who has been called as a juror in the entire District since last June. Her request for information of other juries, regardless the division, simply have no bearing on whether the jury process for her own trial is in substantial compliance with the JSSA. *See Rice*, 489 F.Supp.2d at 1321 ("All that matters is whether the jury selection process applied with respect to the grand jury that indicted Rice was in substantial compliance with the Act.") Other courts have agreed with this assessment. *See United States v. Diaz*, 236 F.R.D. 470, 482 (N.D. Cal. 2006) ("defendants' request for writings, reports or other similar records relating to jury-selection procedures for past grand juries and past petit juries is not authorized by 28 U.S.C. § 1867(f)"); *United States v. Layton,* 632 F.Supp. 176, 178 (N.D. Cal. 1986) (defendant lacks standing to complain about excusal of jurors in other cases because nothing in the Act suggests that a criminal defendant may challenge minor aspects of proposed jury selection procedures in the abstract, before such procedures are used to select that defendant's grand or petit jury).

*M. Request No. 13*

This request is **GRANTED**, to the extent it is in accordance with the above requests. Fitzgerald has requested "any additional documents, data, or information responsive to requests 1–12 for the period between March 1, 2021, and 14 days before voir dire in this matter." (ECF No. 195 at 3.) Again, Fitzgerald is entitled to only those records and documents already in existence in the Northern Division and only as consistent with the Court's rulings in this order.

### IV.   CONCLUSION

For the foregoing reasons, Fitzgerald's Motion for Discovery of Jury Selection Procedures, (ECF No. 195), is **GRANTED IN PART** and **DENIED IN PART**.

The information provided pursuant to this order shall only be used in connection with the preparation and possible filing of a motion in this case challenging the jury selection procedures and for no other purpose. This information must be returned to the Court after the selection of the petit jury in this matter or after the Court rules on any motion challenging the jury selection procedures. The materials provided in response to Fitzgerald's requests may not be disclosed, shown, or transmitted in any way to third parties, but may be reviewed by the Defendants, their attorneys, experts, and staff assisting the attorneys in the preparation of a motion challenging the jury selection procedures. Counsel, their staff, experts, consultants, Defendants, and the Government are reminded that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both." 28 U.S.C. § 1867(f).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: March 31, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE