**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                   CRIMINAL ACTION NO. 1:17-cv-00506

ISABEL FITZGERALD, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the outstanding requests for discovery of the District of Maryland's jury selection procedures, which were left pending following the continuation of this trial on April 20, 2021.   Following the status conference on December 8, 2021, the Court now finds that, as a result of the changed procedures for jury selection in the District of Maryland, those requests are now **MOOT** and shall be **DENIED** as such.

*I.     BACKGROUND*

Following the lockdown of much of the country in response to the COVID-19 pandemic, the District of Maryland began resuming "some jury trials" in mid-March 2021.   *See* Standing Order 2021-04, *In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Misc. No. 00-308 (D. Md. Feb. 17, 2021).   United States District Court Judge James K. Bredar, Chief Judge of the District of Maryland, issued Standing Order 2020-19, which provided a comprehensive explanation of the procedures adopted by the District in order to effectively and safely resume jury trials in the midst of the pandemic.   Standing Order 2020-19, *In re: Modification to Jury Summons Procedures in Response to COVID -19 Pandemic*, Misc. No. 00-308 (D. Md. Oct. 22, 2020).   The trial in this criminal matter had been scheduled to commence on April 20, 2021.   (*See* ECF No. 187.)

In late February 2021, Defendant Isabel Fitzgerald ("Fitzgerald") filed her Motion for Discovery of Jury Selection Procedures, (ECF No. 195), pursuant to the Jury Selection and Service

Act of 1968, in which she argued that discovery of jury selection procedures was necessary to determine whether "any jury service opt-out mechanism and/or excuse policy in place during the COVID-19 pandemic [would] impermissibly skew the jury pool such that it no longer represents a fair cross-section of the community." (*Id.* at 2.) The Court granted in part and denied in part Fitzgerald's motion. (ECF No. 203.)

In particular, the Court granted Fitzgerald's request for the demographic information of jurors, including race, gender, age, occupation and zip code, at various levels of the jury selection process and as they pertained to the COVID-19 procedures outlined in Standing Order 2020-19. (*Id.* at 4–13.) Not long after the issuance of this order, the trial was continued until January 11, 2022. (ECF No. 227.)

During the status conference on December 8, 2021, the issue of the outstanding demographic requests was raised. The Clerk of Court informed the Court that it had responded to Request No. 7 of Fitzgerald's motion previously in April 2021, but that the remaining demographic requests remained pending. The Clerk also informed the parties that the District's COVID-19 protocols had since been updated and, in fact, relaxed due to the improving vaccination and infectivity rates of COVID-19. Considering these factors, the Court now takes up the outstanding requests.

## II.   LEGAL STANDARD

The Fifth and Sixth Amendments to the United States Constitution guarantee a criminal defendant a trial by a jury selected from a fair cross-section of the community. *See, e.g.*, *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). The Jury Selection and Service Act of 1968 ("JSSA") sets forth as the nation's policy that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the

district or division wherein the court convenes."   28 U.S.C. § 1861.   The JSSA also provides the

following:

> The contents of records or papers used by the jury commission or clerk in
> connection with the jury selection process shall not be disclosed, except pursuant
> to the district court plan or as may be necessary in the preparation or presentation
> of a motion to dismiss [the indictment on the ground of substantial failure to comply
> with jury selection procedures] . . . . The parties in a case shall be allowed to inspect,
> reproduce, and copy such records or papers at all reasonable times during the
> preparation and pendency of such a motion. Any person who discloses the contents
> of any record or paper in violation of this subsection may be fined not more than
> $1,000 or imprisoned not more than one year, or both.

28 U.S.C. § 1867(f).

The Supreme Court of the United States has interpreted this section to provide litigants with

"essentially an unqualified right to inspect jury lists."   *Test v. United States*, 420 U.S. 28, 30 (1975).

In *Test*, the Supreme Court reasoned that, "without inspection, a party almost invariably would be

unable to determine whether he has a potentially meritorious jury challenge."   *Id.*   Therefore, the

Court concluded that not only does the plain text of the statute grant an unqualified right to inspection

of jury-selection procedures, but so too does "the statute's overall purpose of insuring 'grand and petit

juries selected at random from a fair cross section of the community.'"   *Id.* (quoting 28 U.S.C. §

1861).   Pursuant to *Test*, "[t]o avail himself of the right of access to jury selection records, a litigant

need only allege that he is preparing a motion to challenge the jury selection process."   *United States

v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996).   Yet, by its own terms, § 1867(f) limits discovery to

only those records "used by the jury commission or clerk in connection with the jury selection

process" and "necessary in the preparation or presentation of a motion" challenging compliance with

the JSSA.

3

### III.   DISCUSSION

On June 23, 2021, Chief Judge Bredar issued Standing Order 2021-07 in response to "dramatically improving virus metrics and vaccination rates, the lifting of state and local restrictions on businesses, and updated guidance from the Centers for Disease Control and Prevention." Standing Order 2021-07, *In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Misc. No. 00-308 (D. Md. June 23, 2021).   Standing Order 2021-07 further modified Phase 3 of the District of Maryland's Recovery Plan, relaxing some of the pandemic mitigative safety measures.   *Id.* at 1–2.   Among other things, Standing Order 2021-07 rescinded Standing Order 2020-19 and returned the District of Maryland to its pre-COVID protocols.   *Id.* at 3.

Standing Order 2020-19, when in force, required that prospective jurors be sent a COVID-19 questionnaire and allowed individuals to defer their service on account of the pandemic.   In addition to this screening for COVID-19, the Clerk would additionally contact prospective jurors who did not request a deferral and inquire as to their health status and any potential COVID-19 exposure. Standing Order 2020-19, *In re: Modification to Jury Summons Procedures in Response to COVID-19 Pandemic*, Misc. No. 00-308 (D. Md. Oct. 22, 2020).   Finally, on the day that their service commenced, jurors would again be asked as to their COVID-19 status.   (*See* ECF No. 203 at 8, n.6.) Each of these levels of screening provided an "opt-out" opportunity for prospective jurors as a result of the pandemic.

These protocols are no longer in place and have not been since the entry of Standing Order 2021-07 in late June 2021.   Standing Order 2021-07, *In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Misc. No. 00-308 (D. Md. June 23, 2021).   Instead, jury selection procedures have reverted to their pre-pandemic state, notwithstanding the courthouse precautions articulated in Standing Order 2021-07, none of which affect the jury selection procedures.

4

Being that Fitzgerald's motion was based entirely on the possibility of an impermissibly skewed juror pool as the result of the COVID-19 juror selection procedures, all of which have since been rescinded, the Court is of the opinion that the outstanding requests are now moot.  *See United States v. Ramirez-Ortiz*, Case No.: 20-CR-2667-GPC, 2021 WL 1662441, at *3 (S.D. Cal. Apr. 28, 2021) (denying as moot a request for any temporary juror selection plan to accommodate COVID-19 pandemic where district had no plan in place). While the Court recognizes that a defendant has an almost "unqualified right to inspect jury lists," see *Test*, 420 U.S. at 30, § 1867(f) limits discovery to those jury records that are "necessary in the preparation or presentation of a motion" challenging compliance with the JSSA.   Simply, Fitzgerald's original motion sought those jury selection records as they pertained to the COVID-19 opt-out procedures, which no longer exist, and therefore could not form the basis of a motion challenging compliance.  *See United States v. Davenport*, 824 F.2d 1511, 1515 (7th Cir. 1987) ("The Act itself, in section 1867(f), provides that the contents of records or papers used by the clerk shall not be disclosed unless those records' contents are shown to be 'necessary' for the preparation of a motion to claim, under section 1867(a), that there has been a 'substantial failure to comply' with the Act.").   The outstanding requests shall thus be **DENIED AS MOOT** and without prejudice.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendants and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:          December 13, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE